# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**A. DAVID COPPERTHITE**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

August 16, 2021

TO COUNSEL OF RECORD

    Re: *Agropex International, Inc. v. Access World (USA) LLC*
        Civil No. ADC-19-1232

Dear Counsel:

    On May 6, 2021, Defendant filed a Motion for Summary Judgment in this Court seeking a ruling in its favor on all claims raised in Plaintiff's Amended Complaint. ECF No. 94. On May 20, 2021, Plaintiff filed a response in opposition and Cross-Motion for Summary Judgment. ECF No. 100. After reviewing the motions and responses thereto (ECF Nos. 100, 101, 103) this Court entered a Memorandum Opinion and Order on July 14, 2021, denying Defendant's Motion for Summary Judgment and denying Plaintiff's Cross-Motion for Summary. ECF Nos. 109, 110. On July 28, 2021, Defendant filed a Motion for Reconsideration of the Court's July 14, 2021 decision (the "Motion") (ECF No. 113), which Plaintiff opposed on August 11, 2021. ECF No. 114. On August 12, 2021, Defendant filed a reply. ECF No. 115. The Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018).

    "[S]imilar to the standard for relief under Fed. R. Civ. P. 59(e), '[a] motion for reconsideration is appropriate [1] to "correct manifest errors of law or fact or [2] to present newly discovered evidence," or [3] where there has been an intervening change in controlling law.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D.Md. Aug. 1, 2018) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D.Md. 2001)).

    In its Motion, Defendant argues that the Court erred by recognizing Plaintiff's fraudulent inducement argument. Defendant contended that the argument was untimely, and Plaintiff failed to introduce admissible evidence that created a genuine issue of material fact "that would preclude a finding that the matter is time-barred in part." ECF No. 113-1 at 5. Defendant's first argument fails because whether Plaintiff was fraudulently induced into entering the contract remains a factual dispute. There was no necessity to plead the dispute which was a product of discovery. Since the alleged fraud raises a dispute of material fact, it remains inappropriate for summary judgment.

    Defendant next contends that the factual dispute of whether it properly stored the Cargo is not material even if it did fail to meet its contractual obligations. Also, that Plaintiff's remedy is within the terms of the contract. ECF No. 113-1 at 6. Defendant's argument lacks merit. The entire basis for this suit concerns the damage done to the Cargo while under Defendant's care. "An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The manner in which Defendant stored the Cargo is thus plainly a material issue to the case. Defendant even acknowledges that the parties dispute the facts surrounding the storage. ECF No. 113-1 at 6. As such, this dispute renders summary judgment inappropriate.

Further, as stated in the Court's Memorandum Opinion, "Plaintiff presents evidence of factual disputes including whether those contracts are enforceable against Plaintiff." ECF No. 109 at 13. Defendant's arguments about Plaintiff's claims being time-barred and that Plaintiff's remedies are only those within the contracts are inapplicable. The Court articulated that "questions of material fact remain surrounding whether the scope of the July 18 agreement can extend beyond the four corners of the document and if so, whether Defendant is shielded from liability for the alleged damage that occurred during the storage of the Cargo prior to July 1." *Id*. As the Court explained, summary judgment is inappropriate because genuine issues of material fact exist as to whether the contract is enforceable against Plaintiff at all. *Id*. Therefore, whether Plaintiff is subject to the time-bar provisions or the remedies laid out in the contract are issues to be resolved at trial, not at the summary judgment stage.

For the reasons stated above, Defendant's Motion for Reconsideration (ECF No. 113) is DENIED. Despite the informal nature of this letter, it is an ORDER of the Court, and the Clerk is directed to docket it accordingly

Very truly yours,

A. David Copperthite
United States Magistrate Judge